**In the Matter of the Arbitration between KOCH OIL, S.A., Petitioner-Appellee,**

**and**

**TRANSOCEAN GULF OIL COMPANY, Respondent-Appellant.**

**No. 371, Docket 84–7613.**

United States Court of Appeals, Second Circuit.

Argued Oct. 24, 1984.

Decided Jan. 7, 1985.

**552**

Mark C. Flavin, New York City (Haight, Gardner, Poor & Havens, Donald J. Kennedy, New York City, of counsel), for petitioner-appellee.

Herbert M. Lord, New York City (Burlingham Underwood & Lord, Lizabeth L. Burrell, Stephen P. Sheehan, New York City, of counsel), for respondent-appellant.

Before LUMBARD, FRIENDLY and PRATT, Circuit Judges.

LUMBARD, Circuit Judge:

Transocean Gulf Oil Co. appeals from a June 22, 1984 judgment of the District Court for the Southern District, John E. Sprizzo, Judge, confirming an arbitration award upon the motion of Koch Oil, S.A. pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (1982). Gulf claims: 1) that the lump sum award ordering it to pay Koch $1,670,000 is invalid because it was filed after the expiration of the arbitrators' authority; 2) that the arbitrators exceeded their power by substituting higher prices than those agreed upon in the contract, by awarding consequential damages and by adopting a measure of damages that Gulf had rejected during contract negotiations; and 3) that the dispute at issue is an improper subject of arbitration. Koch, on the other hand, claims that Gulf's appeal is frivolous and seeks damages, including double costs and attorneys' fees, under 28 U.S.C. § 1912 and Fed.R.App.P. 38.

Because the arbitrators rendered a timely award under the arbitration agreement, and because, as Judge Sprizzo noted, there is no indication that they manifestly disregarded the law in doing so, we affirm the judgment of the district court confirming the award. We do not, however, find Gulf's claims sufficiently frivolous to warrant awarding Koch damages.

This litigation arises out of two crude oil exchange contracts which Koch and Gulf executed in January 1980. In the first contract, Koch agreed to sell Gulf approximately 900,000 barrels of Forcados (Nigerian) crude oil at $34.50 a barrel in return for Gulf's agreement to sell it an equal number of barrels of Kuwait crude oil at $31 a barrel. In the second contract, Koch agreed to sell Gulf 225,000 barrels of Amna (Libyan) crude at $29.30 a barrel, and Gulf agreed to sell Koch the same number of barrels of Kuwait crude at $27.40 a barrel. Because all prices were below the spot market prices, a crucial element of the contracts was the agreement to exchange equal amounts of similarly discounted oil. Recognizing the possibility that Gulf might have trouble per-

forming fully, the parties included the following special provision in the contracts:

In the event that Gulf is prevented from supplying the Kuwait crude to Koch for any reason including Force Majeure, Gulf will supply other mutually agreeable crude oil to Koch. In the event that Koch and Gulf are unable to reach agreement on an alternate crude supply, Koch and Gulf will negotiate in good faith to arrive at an equitable settlement.

Koch's representative testified in a deposition that, prior to the parties' agreeing on the above special provision, Gulf rejected an alternate proposal that would have required it, through a procedure referred to as reinvoicing, to pay the full market price for each barrel of oil it received from Koch in excess of the number of barrels of Kuwait crude that it delivered.

Koch has fully performed its obligations under the contracts, but Gulf, alleging that the Kuwait government restricted resale of Kuwait oil, has only delivered 645,505 barrels of Kuwait crude. Pursuant to the terms of the special provision, Gulf has also delivered approximately 500,000 barrels of Arab light crude, at a slightly discounted price, in an attempt to satisfy Koch. In accepting that oil, Koch reserved its rights to seek an additional settlement, arguing that it had not been fully compensated for the loss it suffered because of Gulf's default.

When settlement negotiations between the parties failed, Koch requested arbitration pursuant to the following term in the contracts:

All controversies and claims arising out of or relating to this Agreement, or the alleged breach thereof, shall be settled by arbitration ... in accordance with the Rules of the American Arbitration Association.

Koch sought to recover either $1,393,121.76 or $1,597,391.76 plus interest. The first figure represents the difference between the contract price of the Forcados and Amna crude that Koch delivered to Gulf, for which it received no Kuwait oil, and the market price of that crude at the time of contracting, reduced by Koch's gain from Gulf's discounted sale to it of 500,000 barrels of Arab light crude. The second figure equals Koch's lost profits, similarly reduced, under a contract it had to resell the undelivered Kuwait crude to a Japanese buyer.

After unsuccessfully resisting Koch's request for arbitration in the New York Supreme Court, Gulf participated in arbitration hearings, and, along with Koch, submitted final briefs to the American Arbitration Association ("AAA") arbitrators on September 23, 1983. That submission normally closes the hearings and begins the 30-day time period during which the arbitrators must file their award under AAA rules 35 and 41, but by an October 7, 1983 letter, the AAA informed the parties of the arbitrators' decision to close the hearings as of October 5, 1983.

Subsequently, the arbitrators granted Koch $1,670,000 in a lump sum award which the third arbitrator signed and mailed to the AAA on November 2, 1983. The AAA received the arbitrators' decision on November 8, and Gulf received a copy of it on November 10. By then, Gulf had already sent a November 8 letter to the AAA in which it argued that the award was invalid because it was filed more than 30 days after the close of hearings. The AAA rejected Gulf's challenge in a November 17, 1983 letter which ruled that the award became effective at least by the time the last arbitrator signed it on November 2, which was within thirty days of the October 5 close of hearings. On May 25, 1984, Judge Sprizzo confirmed the award from the bench, rejecting Gulf's challenges because of its failure to establish that the arbitrators disregarded the law in devising the award and because of its failure, even assuming the award was untimely under the arbitration agreement, to prove any prejudice.

A. *Timeliness of the Award*

█ Gulf argues that the arbitration award is invalid because the arbitrators

filed it after their authority under the arbitration agreement had expired. Gulf's thesis derives from its conclusions: 1) that the parties, in adopting the AAA rules to govern the arbitration, limited the arbitrators' authority by the terms of those rules, including rule 41 which requires arbitrators to file awards within 30 days of the close of hearings, and rule 35 which provides that "[i]f briefs are to be filed, the hearings shall be declared closed as of the final date set by the Arbitrator for the receipt of briefs;" and 2) that the arbitration award was not filed until at least November 8, which was more than thirty days after both September 23, the date hearings normally would have closed under rule 35, and October 5, the latest date on which the hearings could possibly have closed under any interpretation of the facts. Finally, Gulf asserts that it did not waive its right to contest an untimely award and that such an award is invalid regardless of prejudice.

However, Gulf's argument selectively focuses on rule 41 while ignoring rule 53, which the parties also implicitly adopted. Rule 53, allowing some flexibility, gives the arbitrators, and ultimately the AAA, the power to interpret and apply the AAA rules. Thus, if the arbitration agreement obligated the arbitrators to comply with rules 35 and 41, it also obligated the parties to abide by the AAA's determination, at least within reasonable limits, of what constitutes such compliance. In light of the AAA's November 17, 1983 ruling that the arbitrators did file the award within 30 days of the close of hearings, Gulf cannot contest the timeliness of the award under the arbitration agreement. We, therefore, need not consider whether Gulf waived its right to contest an untimely award or whether such an award would be valid in the absence of prejudice.

B. *Substance of the Award*

■ Gulf also contests the substance of the award, arguing that the arbitrators exceeded their power by substituting higher prices than those the parties agreed to in the contracts, by awarding lost profits or consequential damages despite the contracts' express disallowance of their recovery and by calculating the award on the basis of reinvoicing despite Gulf's prior rejection of that method of calculating damages. In support of these arguments, Gulf asserts that the size of the award compels the conclusion that the arbitrators accepted reinvoicing as a means of calculating damages. Gulf also asserts that since Koch has already profited by reselling the oil it has received, any additional recovery would be for lost profits, and, therefore, would violate the contract provision disallowing "prospective profits or special, indirect or consequential damages." We agree with Judge Sprizzo that these allegations provide no basis for vacating the arbitration award.

■ It is settled law in this circuit that arbitrators may render a lump sum award without disclosing their rationale for it, and that when they do, courts will not inquire into the basis of the award unless they believe that the arbitrators rendered it in "manifest disregard" of the law or unless the facts of the case fail to support it. *See Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739, 740 (2d Cir.1978). Such limited review is necessary if arbitration is to serve as a quick, inexpensive and informal means of private dispute resolution.

In opposition to the arbitration award, Gulf offers only its speculation that the arbitrators ordered compensation in violation of the parties' contracts. Contrary to that speculation, however, the circumstances here, particularly the provisions of the contracts between Gulf and Koch, fully support an award to Koch, like that made by the arbitrators, allowing it the reasonable value of its unsatisfied contractual right to additional quantities of discounted Kuwait crude. Consequently, we conclude that Gulf has failed to show that the arbitrators ignored the law in rendering the award, and, accordingly, we must accept the award without attempting an analysis of the arbitrators' purported reasoning process. *See Kurt Orban*, 573 F.2d at 740.

We find no merit in Gulf's other claims. We also do not agree with Koch's assertion that it is entitled to double costs and attorneys' fees because Gulf has raised only frivolous arguments in resisting the arbitration award.

Affirmed.