**In the Matter of Richard J. SVOBODA, Petitioner,**

v.

**NEGEY ASSOCIATES, INC., Respondent.**

**No. 87 Civ. 0850 (EW).**

United States District Court, S.D. New York.

March 17, 1987.

Schlachter & Mauro, Commack, N.Y., for Richard J. Svoboda; David Schlachter, of counsel.

Winick & Rich, P.C., New York City, for Negey Associates, Inc.; Andrew P. Saulitis, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Respondent Negey Associates ("Negey") moves for an order vacating an arbitration award in favor of petitioner Richard J. Svoboda ("Svoboda") on the grounds that the arbitrator: 1) failed to file a timely award as required by American Arbitration Association ("AAA") rule 41; 2) did not make a final and definitive award capable of review; and, 3) exceeded his powers by ruling on a non-arbitrable matter. Alternatively, Negey moves for an order modifying the award on the ground that there was an evident material miscalculation of figures and the award was imperfect in its form. Svoboda cross-moves to confirm the arbitration award.

On October 29, 1985, Svoboda, who since 1981 had been Negey's President and Chief Executive Officer and who had recently been terminated, filed a demand for arbitration in accordance with his employment contract. He asserted nine separate claims of alleged underpayment of his salary and other benefits. The employment contract provided that the arbitration was to be conducted pursuant to the rules and regulations of the AAA. It also provided that Svoboda's salary was to be determined as a percentage of Negey's net profits.

Svoboda's claims, all of which Negey contested, were that Negey:

1. did not include retrospective commissions due from Integrity Insurance Corporation when calculating its net profits for 1983 and 1984;

2. wrongfully deducted $950,000 from its net profits for 1983 and 1984 in calculating Svoboda's ,compensation for those years;

3. wrongfully subtracted state and local taxes in calculating its net profits for 1983 and 1984;

4. set aside too large a sum for reserves and reduced net profits for 1983 and 1984 by an excessive amount;

5. failed to compensate Svoboda for accrued unused vacation time;[1]

6. failed to establish a deferred compensation trust as provided for in the employment contract;

7. failed to pay Svoboda $603,000 it owed him in back pay;[2]

8. wrongfully deducted losses it incurred in bailing out a 'finance company when calculating its net profits for 1983 and 1984; and

9. should have included prospective insurance commissions in calculating its net profits for 1983 and 1984.

The arbitrator held three days of hearings, which ended on July 26, 1986. He then set August 18, 1986 as the deadline for submission of the parties' briefs, and August 27 for any reply briefs. The arbitrator also informed the parties that he might want to call them back for additional argument upon reviewing their briefs, thereby leaving open the date for the closing of the hearings.

Because the arbitrator had not rendered an award by September 29, 1986, Negey wrote to the AAA declaring its objection to any award as untimely.[3] The AAA responded on October 17, 1986, stating that the arbitrator had declared the hearings closed, and that the award was due November 16. On October 21, Negey again wrote to the AAA, contending that under AAA rules 35,[4] 39,[5] and 41, the award had been due on September 27, and noting an exception to the November 16 date.

The arbitrator's award, dated November 17, 1986, held Negey liable to Svoboda in a lump sum amount of $563,709, without a breakdown of the amount awarded or denied with respect to each of the nine claims.[6] On November 24, 1986, Negey wrote to the AAA requesting clarification of the award, which request was denied on December 29, 1986. Negey's November 24 letter asserted no claim that the award was untimely or nonfinal.

## DISCUSSION

### 1. *Timeliness of the Award*

Under the Federal Arbitration Act, 9 U.S.C. sec. 10(d), an arbitration award may be vacated "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Negey asserts that the AAA was without power to set November 16 as the due date for the award when the

---

**1.** It is this claim that Negey contends was non-arbitrable.

**2.** This claim was settled prior to the arbitrator's award.

**3.** Apparently, this objection was taken pursuant to AAA rule 41, which provides, in pertinent part:
   Time of Award
   The award shall be made promptly by the Arbitrator and, unless otherwise agreed by the parties, or specified by law, no later than thirty days from the date of closing the hearings. . . .

**4.** AAA rule 35 provides, in pertinent part:
   Closing of Hearings
   [T]he hearings shall be declared closed as of the final date set by the Arbitrator for the receipt of briefs. . . . The time limit within

which the Arbitrator is required to make the award shall commence to run, in the absence of other agreement by the parties, upon the closing of the hearings.

**5.** AAA rule 39 provides:
   Extensions of Time
   The parties may modify any period of time by mutual agreement. The AAA for good cause may extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any such extension of time and its reason thereof.

**6.** As his fee, the arbitrator requested $900.00 for the three days he spent on this matter. Negey objects to this fee, contending that the arbitrator is entitled only to $300.00. This issue does not present a dispute between the parties before the Court.

final date for submission of briefs was August 27, even though the arbitrator indicated that he might desire additional argument after reviewing the briefs. Second, Negey maintains that the award was untimely by one day even as to the "extended" deadline fixed by the AAA.

■ While AAA rule 35 provides that the thirty days in which an arbitrator has to file an award begins "upon the closing of the hearings," the only indication given as to when the AAA considered these hearings closed is its October 16 letter. Because the arbitrator informed the parties when he set the briefing schedule that he might want further hearings after receiving the parties' briefs, the AAA determined October 16, 1986 as the date when the hearings were closed.[7] Since the AAA is empowered to interpret its own rules,[8] it acted within the scope of its authority in setting October 16 as the closing date. We therefore reject Negey's contention that the closing date was improperly extended.

■ As to Negey's second argument, that the award was nevertheless untimely

under the October 16 closing date, Negey waived any objection to the timeliness of the November 17 award by failing to object either prior to delivery of the award or upon its rendition.[9] Indeed, that Negey requested a clarification of the award without objecting to its timeliness suggests that it accepted the award as valid and binding. Moreover, Negey has failed to establish any prejudice by this award having been rendered one day late.[10]

### 2. *The Lump Sum Payment*

■ Our Court of Appeals has held that arbitrators may render a lump sum award without disclosing their rationale for it, and when they do, courts will not inquire into the basis of the award unless they believe that the arbitrators rendered it in "manifest disregard" of the law or unless the facts of the case fail to support it.[11]

"Manifest disregard" of the law requires something beyond and different from a mere error in the law or failure on the part of arbitrators to understand or apply the law.[12] "Disregard" implies that, aware of

---

**7.** Our Court of Appeals implicitly approved such a practice in *Koch Oil, S.A. v. Transocean Gulf Oil Co.,* 751 F.2d 551, 553 (2d Cir.1985), where the Court accepted the AAA's determination as to when arbitration hearings are closed, thereby allowing for an "extension" similar to that given here.

**8.** *See AAA rule 53; Koch Oil,* 751 F.2d at 554.

**9.** *See West Rock Lodge No. 2120 v. Geometric Tool Company,* 406 F.2d 284, 286 (2d Cir.1968): ("failure to object prior to the handing down of an arbitration award constituted a waiver of the right to contest the decision on the ground that it had not been rendered within the period agreed upon by the parties in their collective bargaining agreement.") In this regard, Negey's position that its September 29 timeliness objection constitutes an objection to the November 17 award is meritless. Once the AAA informed Negey that the award was due on or before November 16, the September 29 objection was disposed of, and Negey was under a new obligation to object to any other claimed untimeliness. *Cf. Hunt v. Mobile Oil Corp.,* 654 F.Supp. 1487, 1517–18 (S.D.N.Y.1987): (party against whom arbitration award is rendered may not "wait in ambush" to make claims before the Court that could have been raised before the

arbitrator but for the fact that the party allowed the time in which to raise such claims expire.)

**10.** *See West Rock Lodge, supra,* at 286: ("any limitation upon the time in which an arbitrator can render his award [is] a directory limitation, not a mandatory one, and [it] should always be within a court's discretion to uphold a late award if no objection to the delay has been made prior to the rendition of the award or there is no showing that actual harm to the losing party was caused by the delay.") *Accord American Airlines, Inc. v. Local 501, Transport Workers Union of America,* 633 F.Supp. 723, 724 (E.D.N.Y.1986).

**11.** *Koch Oil, S.A. v. Transocean Gulf Oil Company,* 751 F.2d 551, 554 (2d Cir.1985); *Kurt Orban Co. v. Angeles Metal Systems,* 573 F.2d 739, 740 (2d Cir.1978).

**12.** *Merrill Lynch, Pierce, Fenner & Smith v. Bobker,* 808 F.2d 930 (2d Cir.1986); *Siegel v. Titan Industrial Corp.,* 779 F.2d 891, 892 (2d Cir.1986); *Drayer v. Krasner,* 572 F.2d 348, 352 (2d Cir.), *cert. denied,* 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791 (1978); *Sobel v. Hertz, Warner & Co.,* 469 F.2d 1211 (2d Cir.1972).

a clearly governing principle, the arbitrator decided to ignore or pay no attention to it.[13]

■ If grounds for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed.[14] However, where an arbitrator's award was arrived at through a series of undisclosed calculations, a court has discretion to inquire into the basis of the award if the facts of the case fail to support it or if it appears to be in manifest disregard of the law.[15]

■ Any claim that the arbitrator has ignored the governing law must be well defined and explained. Negey argues that the award should be remanded to the arbitrator because it does not indicate the dollar amount granted or denied for each claim. Negey does not, however, point to any manifest disregard for the law that might be gleaned from requiring the arbitrator to break down the award.[16]

Negey further asserts that the award is ambiguous because "[t]he amount of the award was less than half of the total sought by Svoboda for the nine claims."[17] To the contrary, the record before the arbitrator indicates that Svoboda's $603,000 back pay claim was settled prior to the rendition of the award,[18] thereby explaining why the award was less than the total amount requested. The amount of the award, $563,709, is completely consistent with the theory that the arbitrator considered Svoboda's eight remaining claims and awarded him substantially the full amounts requested. As such, no good purpose would be served by disturbing this award, which is final and non-ambiguous.

No doubt it would have been more satisfying to the parties if the arbitrator had explained how he disposed of each claim and arrived at his damages figure. However,

such a rule would undermine the very purpose of arbitration, which is to provide a relatively quick, efficient and informal means of private dispute settlement. The sacrifice that arbitration entails in terms of legal precision is recognized, e.g., Bernhardt v. Polygraphic Co., 350 U.S. 198 [76 S.Ct. 273, 100 L.Ed. 199] (1956), and is implicitly accepted in the initial assumption that certain disputes are arbitrable.[19]

### 3. Vacation Benefits

■ Negey next contends that the arbitrator exceeded his authority in considering Svoboda's claim for vacation benefits because his contract made no specific reference thereto. However, the contract specifically provided that he was to "receive such medical, insurance, retirement and other benefits as are afforded to other executive employees of Employer." Whether the "other benefits" included vacation benefits was a matter of interpretation and the parties' intent. Simply because the scope of these benefits was to be determined by reference to documents or policies relating to other executive employees does not mean that they are not part of Svoboda's employment contract. The arbitrator's consideration of Svoboda's vacation benefits, based upon those afforded to other executive employees, was within the scope of his authority.

**13.** *Merrill Lynch, supra.,* 808 F.2d at 933; *Bell Aerospace Company Division of Textron, Inc. v. Local 516,* 356 F.Supp. 354, 356 (W.D.N.Y.1973) *rev'd on other grounds,* 500 F.2d 921 (2d Cir. 1974).

**14.** *Siegel, supra,* 779 F.2d at 894; *Sobel, supra.,* 469 F.2d at 1216.

**15.** *Siegel, supra,* at 894; *Olympia & York Florida Equity Corp. v. Gould,* 776 F.2d 42, 45–46 (2d Cir.1985); *Americas Insurance Company v. Seagull Compania Naviera, S.A.,* 774 F.2d 64, 67 (2d Cir.1985).

**16.** For this reason, the case at hand is completely different from *Siegel, supra,* where manifest disregard for the law was asserted in the arbitrator's alleged failure to apply generally accepted accounting principles, as required by the parties' agreement, to determine the dispute.

**17.** Negey's memorandum of law at 9–10.

**18.** Hearing record at 183.

**19.** *Sobel, supra,* at 1214.

## CONCLUSION

Svoboda's motion to confirm the arbitration award is granted. Negey's motion to vacate or remand is denied.

So ordered.