**Kerwin F. McMAHON, Plaintiff,**

v.

**RMS ELECTRONICS, INC., Defendant.**

**No. 85 Civ. 3799 (RWS).**

United States District Court,
S.D. New York.

Sept. 23, 1988.

Hannaway & Fannon, New York City, for plaintiff; John J. Hannaway, of counsel.

Richard M. O'Keefe, White Plains, N.Y., for defendant.

## OPINION

SWEET, District Judge.

Petitioner, Kerwin F. McMahon ("McMahon") has filed a petition to confirm an arbitration award issued March 10, 1988 in the case of *McMahon v. RMS Electronics, Inc.* Respondent RMS Electronics, Inc. ("RMS") has moved pursuant to Section 10(d) of the Federal Arbitration Act, 9 U.S.C. § 10(d), to vacate the award on the grounds that by issuing a late award, the arbitrators have exceeded or have so imperfectly executed their powers that a mutual final and definitive award upon the subject matter was not made. For the reasons set forth below, RMS' motion is denied, and McMahon's petition to confirm the award is granted.

*Facts and Prior Procedure*

This action originated as an employment contract dispute between the parties. McMahon filed suit in eight counts before this court on May 20, 1985. Subsequently, RMS moved to stay all proceedings in this court on the ground that there was a binding arbitration agreement between the parties. By way of opinion dated August 23, 1988, this court granted that motion in part, staying judicial proceedings with respect to McMahon's first seven claims but not with respect to the eighth.

The parties tried McMahon's eighth claim before a jury on October 22 and 23, 1986. The jury returned a verdict in RMS' favor, and thus on October 29, 1986, this court entered a judgment dismissing that claim.

Based upon a timely demand for arbitration, a three member panel of arbitrators conducted a hearing regarding McMahon's seven remaining claims. The hearing was conducted on January 21 and 22, 1988 at the offices of the American Arbitration Association ("AAA") in accordance with that association's rules. Based on a briefing schedule set by the parties and the arbitrators, the panel determined that the hearing would be declared closed on February 5, 1988. By way of follow up letter, the tribunal administrator informed the parties that an award would be rendered on or before March 7, 1988.

On March 7, the day the award was due, Jennifer Hutcheson, the Tribunal Administrator, ("Hutcheson") telephoned counsel for RMS requesting an extension of time to issue the award. Counsel did not respond to this request at the time but informed Hutcheson that it would do so. Counsel did not respond until March 10, 1988, at which time it issued a letter to the AAA stating that "More than thirty (30) days have passed since the date of closing of the

hearings in this case. You are hereby notified that Respondent does not consent to an extension of time for the making of an award herein." That same day, the arbitrators issued a decision awarding McMahon $180,000, inclusive of interest.

On April 27, 1988, McMahon filed a petition to confirm the arbitration award. On June 13, 1988, RMS cross moved to vacate the award. This court heard oral argument on the petition and motion on July 8, 1988.

*Discussion*

As this court has noted in the past, arbitration is a favored method of dispute resolution, and arbitrators findings of fact and conclusions of law should not be lightly questioned. *Kamakazi Music Corp. v. Robins Music Corp.*, 522 F.Supp. 125, 130 (S.D.N.Y.1981), *aff'd*, 684 F.2d 228 (2d Cir. 1982). The grounds upon which a court can vacate an award are extremely narrow and are detailed in the Federal Arbitration Act, 9 U.S.C. § 10. *See id.; Ouziel v. Shearson Lehman Brothers Inc.*, CV 86–1822, slip. op. (E.D.N.Y. April 11, 1988) [available on WESTLAW, 1988 WL 36933].

RMS has moved to vacate the award under section 10(d). That section reads:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

RMS claims that by rendering a late, and consequently perfunctory, decision, the arbitrators violated their own rules and thus, necessarily, this section.

The rules to which RMS refer are Rule 35 of the Commercial Rules of Arbitration for the American Arbitration Association, which states that time limits will run in the absence of other agreements between the parties, Rule 41, which provides that the award shall be made within thirty (30) days of the close of the hearings unless the

parties agree otherwise, and Rule 39, which provides that the AAA can extend any deadline for good cause with the exception of the time for making the award. RMS contends that violation of these rules in addition to RMS' objection to the lateness of the award constitute grounds for vacation.

However, law in this circuit provides that a court may confirm a late award if there is no objection, *or* if there is no prejudice to the losing party caused by the delay. *West Rock Lodge No. 2120 v. Geometric Tool Co.*, 406 F.2d 284 (2d Cir. 1968); *Svoboda v. Negey Associates, Inc.*, 655 F.Supp. 1329, 1332 (S.D.N.Y.1987) (Weinfeld, J.); *American Airlines, Inc. v. Local 501*, 633 F.Supp. 723, 724 (E.D.N.Y. 1986) (Nickerson, J.). RMS has produced no evidence of prejudice with the exception of the fact that it lost the arbitration. This does not constitute grounds upon which to vacate.

Moreover, the fact counsel for RMS did not respond to the AAA's request for an extension of the time limit before that limit expired constitutes waiver of the deadline notwithstanding the March 10, 1988 objection letter. As the Honorable Edward J. Weinfeld has said, a party cannot "wait in ambush" to object to time limits once those limits have expired. *Hunt v. Mobile Oil Corp.*, 654 F.Supp. 1487, 1518 (S.D.N.Y.1987) (also discussing and quoting from *Cook Industries v. C. Itoh & Co. (America)*, 449 F.2d 106, 107–08 (2d Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972)); *see also Svoboda, supra*, 655 F.Supp. at 1332 n. 9.

RMS has presented no other viable grounds for vacating the award. Its only other contention is that the arbitrators exceeded their powers by failing to assess the relevant fees within the award. However, such fees were set forth by Hutcheson in the cover letter to the award. In light of the AAA's broad power to interpret its own rules, *Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir.1985)

(Lumbard, J.),[1] and in light of the narrow scope of district court review, this court will not vacate on those grounds.

McMahon's motion to confirm the arbitration award is granted. RMS motion to vacate the award is denied. Settle order on notice.

It is so ordered.

---

**1.** Interestingly, the Second Circuit in *Koch Oil* held that the AAA was permitted to interpret its own rules as to whether it was in compliance with time limits.