**GRINNELL HOUSING DEVELOPMENT FUND CORP., Petitioner,**

v.

**LOCAL 32B–32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Respondent.**

No. 90 Civ. 1235 (JES).

United States District Court, S.D. New York.

July 9, 1991.

Albert Holland, New York City (Edward E. Caesar, of counsel), for petitioner.

Manning, Raab, Dealy & Sturm, New York City (Brendan E. Egan, of counsel), for respondent.

## OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner Grinnell Housing Development Fund Corp. ("Grinnell") brings this petition to vacate two arbitration awards dated July 27, 1989 and November 14, 1989 in favor of respondent Local 32B–32J, Service Employees International Union, AFL–CIO ("the Union"). Presently pending before the Court are petitioner's motion to vacate the awards and respondent's cross-motion to confirm the awards. For the reasons that follow, petitioner's motion is denied and the motion to confirm the awards is granted.

## BACKGROUND

Petitioner Grinnell is a low to moderate income housing cooperative formed under the New York Private Housing Fund Corporation Law which owns and operates a cooperative apartment building known as 800 Riverside Drive in New York City ("the premises"). See Affidavit of Ira A. Sturm ("Sturm Aff.") at ¶ 5. The Union is a labor organization representing approximately 70,000 members employed in the New York City building service industry. See id. at ¶ 4. Grinnell is a member of the Realty Advisory Board on Labor Relations, Inc. ("RAB"), an association comprised of New York Metropolitan area owners and managing agents of real property. The RAB negotiates a pattern collective bargaining agreement with the Union to which its members subsequently assent. See Affidavit of John J. Leo ("Leo Aff.") at ¶ 5. During April of 1985, the respondent Union and the RAB negotiated a pattern agreement known as the "1985 Apartment Building Agreement" ("the 1985 Agreement"), which set forth the terms and conditions of employment for the building service employees employed at the premises. See id.

This case involves the petitioner's failure to comply with Article VII of the 1985 Agreement regarding reductions in staffing.[1] On or about October 21, 1987, Grinnell suspended an employee who worked as a handyman at the premises because of his refusal to perform certain required work. See Arbitration Award dated July 27, 1989 at 2; Affidavit of Roberta Gaddis ("Gaddis Aff.") at ¶¶ 3–4. After his suspension, the employee returned to work for two days but shortly thereafter left Grinnell's premises and never returned. See Gaddis Aff. at ¶¶ 3–4. During the course of his absence, Grinnell concluded that the employee's duties were no longer needed and decided to not hire a replacement. See id. at ¶ 5. However, the Union provided a new handyman and expected Grinnell to hire him in accordance with the 1985 Agreement. See Leo Aff. at ¶ 11.

When Grinnell failed to do so, the Union filed a complaint with the Office of the Contract Administrator and sought arbitra-

---

1. The Agreement, at Article VII, contains a detailed procedure for reducing staffing levels. See Sturm Aff. at ¶ 9; Leo Aff. at Ex.A. If an employer intends to reduce its number of employees it must justify the reduction to the Union and the RAB before it proceeds. See id. Furthermore, the Agreement requires the employer to give the Union four weeks written notification of any intended reduction in staffing. See Agreement, Art. VII; Affidavit of Pedro Pizarro ("Pizarro Aff.") at ¶ 14.

tion pursuant to Article VI of the 1985 Agreement.[2] *See* Gaddis Aff. at ¶ 5; Leo Aff. at ¶ 13. The parties initially agreed to an arbitration hearing for January 13, 1988 but adjourned the hearing to April 6, 1988. *See* Gaddis Aff. at ¶¶ 5–8; Pizarro Aff. at ¶ 20. On April 6, the parties engaged in settlement negotiations and reached a tentative agreement. However, they adjourned the hearing because Pizarro, the Union representative, did not have the authority to bind the Union to the settlement. *See* Gaddis Aff. at ¶¶ 8–9; Pizarro Aff. ¶ 20. The Union ultimately rejected the settlement and notified Grinnell's counsel, Albert Holland, Esq., of the rejection approximately two weeks following the April 6, 1988 hearing. *See* Pizarro Aff. at ¶ 20.

The next scheduled hearing was set for June 14, 1988, but was adjourned because there was no signed receipt sent to the office of the Contract Arbitrator to establish that Grinnell received the requisite contractual notice for that hearing. *See id.* at ¶ 6. A subsequent hearing, scheduled for September 2, 1989, was adjourned by the Union. *See id.* at ¶ 7. At that time, the case was marked against the Union. *See id.*

Ultimately, the arbitrator, Arthur J. Flanagan, heard testimony and received exhibits at hearings on December 14, 1988 and June 9, 1989. *See id.* at ¶¶ 8–10, 12. On July 27, 1989, arbitrator Flanagan issued his award in favor of the Union: (1) directing Grinnell to reinstate the position of handyman; (2) directing Grinnell to distribute equally to the reduced staff the weekly base wages that would have been paid to the handyman for the period beginning December 1, 1987 until such time when the handyman is reinstated; and (3)

providing that the pension fund and the Health and Welfare fund shall be compensated for the period the handyman position was vacant. *See* Award of Arbitrator Arthur J. Flanagan dated July 27, 1989.

On October 14, 1989, Grinnell requested that the arbitrator modify his award to limit its liability for back pay to the period ending on April 6, 1988, the date of the tentative settlement. *See* Pizarro Aff. at ¶ 22. In a supplemental award dated November 14, 1989, the arbitrator denied that request, stating that "subsequent to April 6, 1988 four (4) hearing dates were scheduled and the Stipulation Agreement was never fully executed by the parties." He added that "the question of limited liability was never an issue before the undersigned." [3] Supplemental Award of Arbitrator Arthur J. Flanagan dated November 14, 1989.

On February 20, 1990, Grinnell brought a petition by Order to Show Cause in the Supreme Court, New York County pursuant to New York Civil Practice Law and Rules 7511 (McKinney's 1980), seeking review of the arbitrator's decision. On February 23, 1990, the Union removed the action to this court.

## DISCUSSION

It is well-settled that the Court's authority to review a decision by a labor arbitrator is extremely narrow and that the Court's inquiry is limited to determining whether any ground exists to vacate the award.[4] *See, e.g., U.S. Steel & Carnegie Pension Fund v. Dickinson,* 753 F.2d 250, 252–53 (2d Cir.1985); *McMahon v. RMS Elec., Inc.,* 695 F.Supp. 1557, 1559 (S.D.N. Y.1988). Petitioner contends that the arbitration awards here must be vacated for two reasons: (1) that it was unduly preju-

---

**2.** Article VI, cl. 1 of the 1985 Agreement states:

A Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before him, including such issues as may be initiated by the Trustees of the Funds.

**3.** The Court assumes *arguendo* that it has jurisdiction to review this decision by the arbitrator, although it is unclear whether the arbitrator even had jurisdiction to consider Grinnell's application at the time that it was made.

**4.** The Court will not address respondent's argument that judicial review of the arbitrator's decision is time-barred since that issue was not raised as an affirmative defense in the answer and has therefore been waived.

diced by a delay in the hearing and decision of the case; and (2) the arbitrator failed to consider evidence pertinent and material to the controversy. Both claims lack merit.[5]

■ Although under some circumstances the failure to render an award within the time prescribed by a collective bargaining agreement may afford a basis to vacate an award, *see, e.g., West Rock Lodge No. 2120 v. Geometric Tool Co.*, 406 F.2d 284, 286 (2d Cir.1968); *McMahon, supra*, 695 F.Supp. at 1559; *Svoboda v. Negey Associates, Inc.*, 655 F.Supp. 1329, 1331–32 (S.D.N.Y.1987), an award may not be vacated on that ground if there has been no objection to the delay or if there is no prejudice to the losing party caused by the delay. *See McMahon, supra*, 695 F.Supp. at 1559. In this case, the agreement required that a hearing be scheduled within two to fifteen working days after a notice of a demand for arbitration, but expressly provided that the time for a hearing may be extended by the mutual consent of the parties. *See* 1985 Agreement at Art. VI, cl. 2.[6] The Union has submitted affidavits asserting that the hearings scheduled for January 13, 1988, April 6, 1988, and March 27, 1988 were all adjourned on the mutual consent of the parties, *see* Pizarro Aff. at ¶ 5, and that the hearing scheduled for June 14, 1988 was adjourned for the benefit of Grinnell because it had not received proper notice. *See id.* at ¶ 6. With only one possible exception, the petitioner has not denied these allegations.[7] Indeed, there is no evidence in the record that Grinnell at any time objected to any adjournment or requested an expedited hearing. *Cf. Government of India v. Cargill, Inc.*, 867 F.2d 130, 134 (2d Cir.1989); *West Rock Lodge, supra*, 406 F.2d at 286.

In any event, petitioner has demonstrated no prejudice resulting from any alleged delay. Petitioner asserts only that it was prejudiced because it believed that the April 6 settlement agreement would stop further damages from accruing. However, since it is undisputed that petitioner knew that the Union rejected the tentative settlement by mid-April, *see* Pizarro Aff. at ¶ 20, any prejudice it suffered after that time was a consequence of its own failure to seek an expedited hearing. *See Cargill, supra*, 867 F.2d at 134. Moreover, petitioner's claim of prejudice seems especially disingenuous since it never even asserted any claims based upon the alleged settlement agreement until October 1989, nearly three months after the award was rendered, when it sought to modify the award on that basis. *See* Pizarro Aff. at ¶ 22.

---

**5.** The Court also rejects petitioner's claim that it lacks subject matter jurisdiction. This case involves a contract between an employer and an international union. Federal Courts have jurisdiction over any labor dispute in an industry "affecting commerce." *See* 29 U.S.C. § 142 (1988); *United States v. Ricciardi*, 357 F.2d 91, 95 (2d Cir.1966). This is especially true where, as here, the Union has alleged facts supporting an inference that the industry in question affects interstate commerce and the employer has set forth no facts disputing that showing.

**6.** Article VI, clause 2 of the 1985 Agreement states, in part:

A hearing shall be initially scheduled within two (2) to fifteen (15) working days after either the Union or the RAB has served written notice upon the Office of the Contract Arbitrator, with copy to the other party, of any issue to be submitted. The Arbitrator's oath-taking, and the period, and the requirements for service of notice in the form prescribed by statute are hereby waived. A written award shall be made by the Arbitrator within ten (10) days after the hearing closes.

If an award is not timely rendered, either the Union or the RAB may demand in writing of him that the award must be made within ten (10) more days. If no decision is rendered within that time, either the Union or the RAB may notify the Arbitrator of the termination of his office as to all issues submitted to him in that proceeding. *By mutual consent of the Union and the RAB the time of both the hearing and decision may be extended in a particular case.* If a party, after due written notice, defaults in appearing before the Arbitrator, an award may be rendered upon the testimony of the other party. (emphasis added).

**7.** The Union's affidavit notes only one adjournment that was not on consent or for petitioner's benefit, *i.e.* the adjournment of the September 2, 1989 hearing. *See* Pizarro Aff. at ¶ 7. However, the arbitration clause expressly states: "[n]o more than one adjournment per party shall be granted by the Arbitrator without consent of the opposing party." *See* 1985 Agreement at Art. VI., cl. 2. Here, after the Union adjourned the hearing, the case was marked peremptorily against the Union. *See* Pizarro Aff. at ¶ 7.

 Nor does the circumstance that the arbitrator did not render his decision within ten days after the hearing closed, as required by the arbitration agreement, provide petitioner with any basis to vacate the award. That circumstance was expressly contemplated by the arbitration clause which provided that if an award is not timely rendered, either the Union or the RAB could demand in writing that the award be made within ten more days and could terminate the arbitrator's office, if an award was not rendered during that time period. *See* 1985 Agreement, Art. VI, cl. 2. There is no dispute that petitioner never demanded a decision from the arbitrator pursuant to that clause. In any event, an arbitrator's failure to render an award on a timely basis does not invalidate the award absent an objection by or prejudice to the losing party, unless the agreement provides that the timeliness of the decision is jurisdictional. *See, e.g., Cargill, supra,* 867 F.2d at 286–87; *West Rock Lodge, supra,* 406 F.2d at 286. No such circumstances are present here.

 Finally, petitioner contends that the arbitrator was guilty of misconduct in failing to hear evidence "pertinent and material" to the controversy. *See* 9 U.S.C. § 10(c) (1988). However, it is clear that the arbitrator is the judge of the relevance and admissibility of the evidence received in an arbitration proceeding, *see Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas Local 901,* 763 F.2d 34, 39 (1st Cir.1985), and that an arbitration award will be vacated on this ground only if the losing party shows that he was denied a fundamentally fair hearing and consequently suffered prejudice. *See, e.g., Thomas C. Baer, Inc. v. Architectural and Ornamental Iron Workers Local Union No. 580,* 813 F.2d 562, 565 (2d Cir. 1987); *Bell Aerospace Co. v. Local 516,* 500 F.2d 921, 923 (2d Cir.1974). Tested by that standard, the awards here must be confirmed.

Petitioner argues that it was denied the opportunity to rebut the testimony of a superintendent regarding the duties of the superintendent and the handyman but does not set forth with any specificity what evidence, if any, it would have presented or indeed what specific evidence it proffered to the arbitrator which the arbitrator refused to hear. By contrast, respondent has submitted an affidavit asserting that the superintendent's testimony was not only subject to cross-examination, but also that petitioner submitted evidence and documents which petitioner claimed established that the position of handyman was unnecessary, and which had the effect of refuting the superintendent's testimony on that issue. *See* Pizarro Aff. at ¶¶ 15–17.

In any event, the arbitrator's decision was clearly based upon Grinnell's failure to comply with the unambiguous provisions of the collective bargaining agreement that required four weeks written notice to the Union of its intention to abandon the handyman's position, as to which the superintendent's testimony, or the refutation thereof, had no relevance. Given that circumstance, there is no basis to vacate the award on that ground.

## CONCLUSION

For the reasons set forth above, Grinnell's motion to vacate the arbitration awards is denied and the Union's cross-motion to confirm those awards is granted. The Union is directed to submit an appropriate judgment to the Court on notice to the petitioner on or before July 31, 1991.

It is SO ORDERED.