**Raymond J. DiRUSSA, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., and Lawrence J. Solari, Jr., Defendants.**

**No. 95 Civ. 4469 (CSH).**

United States District Court,
S.D. New York.

July 29, 1996.

*MEMORANDUM AND ORDER*

HAIGHT, Senior District Judge:

These are cross-motions to vacate and confirm an award of arbitrators. The factual background appears in the Court's Memorandum and Order dated October 20, 1995, familiarity with which is presumed.

I

In their initial cross-motion, defendants moved to dismiss plaintiff's complaint, as well as confirm the award. The ground for the motion to dismiss was an asserted lack of subject matter jurisdiction in this Court. On the pleadings as they then existed, that question turned upon whether plaintiff's arbitrable claims sufficiently implicated the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621 *et seq.* But I need not resolve that question, since plaintiff has amended his complaint to allege complete diversity of citizenship. Defendants do not challenge plaintiff's jurisdictional allegations. It follows that whether or not subject matter jurisdiction exists under 28 U.S.C. § 1331, it clearly does under § 1332.

Plaintiff asks the Court to disregard as unauthorized written submissions by defendants that they characterize as "surreply." In point of fact, defendants made these submissions as of right. Plaintiff moved to vacate or modify the award. Defendants then opposed that motion, and cross-moved to dismiss or confirm. Plaintiff then replied to defendants' opposition to his motion, and opposed defendants' cross-motion. Defendants then replied to plaintiff's opposition to their motion. This is all perfectly in order, and defendants' use of the term "surreply" does not change that fact. I have considered all of the submissions before me.

## II

■ The first substantive point arises out of the arbitrators' refusal to award plaintiff his attorney's fees.

Plaintiff claimed that he had been wrongfully terminated by defendants on account of his age. His statement of claim before the National Association of Securities Dealers, Inc. ("NASD") alleged jurisdiction under the ADEA and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.* Claim, ¶ 2. As plaintiff recognized in his statement of claim, the Supreme Court's holding in *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), required him to submit his discrimination claim to arbitration under the terms of his contract of employment. Plaintiff claimed, *inter alia,* "attorney's fees and costs of suit pursuant to the ADEA and NJLAD." *Id.,* p. 6, ¶ (e).

The arbitrators, after conducting hearings and receiving briefs of counsel, rendered an award which gave plaintiff a total of $220,000 in compensatory damages but denied all other requested relief, including plaintiff's claim for attorney's fees.

Plaintiff asks the Court to vacate or modify the award in that respect, on the ground that the ADEA mandates an award of attorney's fees to a successful claimant.

Despite defendants' faint protests to the contrary, the factual predicate for plaintiff's contention is entirely accurate. Section 626(b) of the ADEA incorporates by reference that portion of the Fair Labor Standards Act providing that "[t]he court ... *shall,* in addition to any judgment awarded to the plaintiff ..., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The Second Circuit has repeatedly held that the ADEA mandates an award of fees to a plaintiff who recovers a judgment. *See, e.g., Hagelthorn v. Kennecott Corp.,* 710 F.2d 76, 86 (2d Cir.1983), citing *Christiansburg Garment Co. v. E.E.O.C.,* 434

U.S. 412, 415 & n. 5, 98 S.Ct. 694, 697 & n. 5, 54 L.Ed.2d 648 (1978).

Since the arbitrator's rejection of plaintiff's claim for attorney's fees under the ADEA does not fall within any of the limited grounds for vacating an arbitration award found in the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10, 11, plaintiff must rely upon that judicially created ground for overturning arbitration awards known as "manifest disregard of the law." *See Carte Blanche (Singapore) Pte, Ltd. v. Carte Blanche International, Ltd.,* 888 F.2d 260, 265 (2d Cir.1989).[1]

The Second Circuit has cautioned that judicial inquiry into an arbitration award under the "manifest disregard" standard is "extremely limited." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930, 934 (2d Cir.1986). The *Bobker* court continued: "The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it." *Id.*

Applying these principles to the case at bar, it is difficult to imagine a more "well defined, explicit and clearly applicable" provision of governing law than the ADEA's mandate that successful age discrimination claimants such as plaintiff recover attorney's fees. There is no "arguable difference" on the point, and consequently no basis for judicial reticence. In that regard, the case at bar is distinguishable from *Emrick v. Deutsche Bank Capital Corp.,* 1991 WL 61091 (S.D.N.Y.), upon which defendants rely. Judge Mukasey's discussion in *Emrick* demonstrates that the applicability of the state statute relied upon for attorney's fees was far from clear under the cases. *Id.* at *4.

■ But defendants at bar also rely upon other language in *Bobker.* To constitute manifest disregard of law, "[t]he error must have been obvious and capable of being readily and instantly perceived by the aver-

---

1. In their main brief at 23, defendants refer to the doctrine in a caption as "magnificent disregard" of the law. Whatever Freudian explanation may account for that adjective, the discussion in the brief relates to manifest disregard.

age person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." 808 F.2d at 933.

These cautionary principles enhance and supplement those previously quoted. The Court of Appeals' conception of "disregard," a separate element (hence the word "moreover"), resonates with pejorative overtones, evoking the image of arbitrators thumbing their noses at a legal principle with which they are fully familiar.

I think that the application of these standards is fatal to plaintiff's case. I am not persuaded that the entitlement of an ADEA claimant to attorney's fees, which the statutory scheme provides by applying the FLSA to the ADEA, is "capable of being readily and instantly perceived" by the average NASD securities industry arbitrator. And the arbitrators at bar received no help from plaintiff's counsel, whose submissions on attorney's fees dealt only with the NJLAD. Plaintiff's counsel never argued to the arbitrators that an award of attorney's fees under the ADEA was mandatory. *Compare Carte Blanche*, 888 F.2d at 268 (claim that arbitrators disregarded governing law rejected where the authority relied upon "was apparently not cited to them in connection with [their] ruling.").

While plaintiff also based his claim for attorney's fees on the NJLAD, which counsel did discuss in his submissions, the manifest disregard claim fares no better. The NJLAD provides only that in such cases "the prevailing party *may* be awarded a reasonable attorney's fee as part of the costs," N.J.Stat.Ann. § 10:5–27 (emphasis added), which makes it less clear that the award was mandated in the case at bar. On this aspect of the case, it more closely resembles *Emrick, supra*. Plaintiff argues in his briefs to this Court that under the New Jersey cases the award of attorney's fees is mandatory; but he never addressed that argument to the arbitrators, instead relying upon the New Jersey cases only to quantify the requested award.

I do think that the securities industry, having persuaded the Supreme Court in *Gilmer* to require arbitration of employees' ADEA claims, should be required to supply arbitrators who know what the ADEA says about attorney's fees. Whether, on the ADEA aspect of the case, the arbitrators committed a manifest disregard of law is a close question. However, applying the criteria which I conceive to be controlling in this circuit, I reject plaintiff's claim.

### III

■ Plaintiff's second contention, that the award must be vacated or modified because the arbitrators did not properly calculate his damages, does not require extended discussion.

The FAA permits the District Court to modify or correct an award "[w]here there was an evident material miscalculation of the figures...." 9 U.S.C. § 11(a). That is not presented by the instant case, where the arbitrators did no more (and no less) than to disagree with plaintiff's damages calculations. Plaintiff calculated his discrimination damages claims, for back pay and front pay, in the millions.[2] Defendants, while denying any discrimination, calculated plaintiff's compensatory damages in the hundreds of thousands. The arbitrators clearly accepted defendants' contentions.

■ The arbitrators did not explain their damages calculations, but they did not need to. An arbitration panel "may render a lump sum award without disclosing their rationale for it, and ... courts will not inquire into the basis of the award unless they believe that the arbitrators rendered it in 'manifest disregard' of the law or unless the facts of the case fail to support it." *Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir.1985). There is no substance to plaintiff's claim that defendants conceded at the hearings a damages amount greater than the arbitrators awarded. Defendants presented to the arbitrators two damages calculations of maximum back pay and front pay, using 1991 as the base year for one calcula-

---

**2.** Plaintiff also claimed punitive damages, which    the arbitrators denied.

tion and 1992 for the other. It is reasonable to infer from the award that the arbitrators accepted defendants' calculation of back pay and scaled back the calculation of maximum front pay. In discrimination cases, front pay is typically awarded in lieu of reinstatement where reinstatement is not feasible in the circumstances. *See Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir. 1984). The arbitrators' award in the case at bar lay within their powers.

I have considered the other contentions made by plaintiff and find them to be without merit.

Plaintiff's motion to vacate or modify the award of the arbitrators is denied. Defendants' cross-motion to confirm the award is granted.

The file will remain under seal in accordance with the Court's prior orders, except that the Court's orders and opinions dated July 7, 1995, October 20, 1995, and this opinion will be placed in the public file. As to the documents generated by the arbitration and litigation, and the information they reference, I agree with defendants that it is not feasible to attempt a partial unsealing within the context of the parties' confidentiality agreement.

It is SO ORDERED.