Singh v. Raymond James Fin. Servs., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         CHRISTOPHER F. DRONEY,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
HEMANT P. SINGH,
         Petitioner-Appellant,

         -v.-                                    14-3970

RAYMOND JAMES FINANCIAL SERVICES, INC.,
         Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Charles D. Hellman, Mavroudis & Guarino, LLC, Oradell, New Jersey.

FOR APPELLEES:          John K. Wells, Greenberg Traurig, LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Hemant P. Singh appeals from the judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>), denying Singh's motion to vacate a FINRA[1] arbitration award in favor of defendant-appellee Raymond James Financial Services, Inc. ("Raymond James"), and granting Raymond James's motion to confirm the arbitration award. Singh also challenges the district court's denial of Singh's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[2]

Raymond James is a securities broker/dealer. Singh is a financial advisor in the securities industry who was a registered representative associated with Raymond James, as an independent contractor, from 1995 to 2005. The parties executed an Independent Sales Associate Agreement on July 12, 2001 (the "Agreement"). <u>See</u> App'x of Appellant at 19a-27a. The Agreement provided, <u>inter alia</u>, that Singh would indemnify Raymond James "from and against:

---

[1] Financial Industry Regulatory Authority.

[2] Raymond James argues that the appeal should be dismissed as untimely because Singh did not file his motion for reconsideration within 14 days after entry of judgment. We have previously explained that the notice of appeal was timely filed because Singh's Rule 59(e) or 60 motion was filed in the district court within 28 days after entry of judgment. <u>See</u> Apr. 29, 2015, Order (Dkt. 86); <u>see also</u> Fed. R. App. P. 4(a)(4)(A) ("[T]he time to file an appeal runs . . . from the entry of the order disposing of the . . . [timely] motion to alter or amend the judgment under Rule 59 . . . [or] for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."); Fed. R. Civ. P. 59(e) (28-day time limit); <u>cf.</u> S.D.N.Y. Local Civil Rule 6.3 (14-day time limit for motions for reconsideration "[u]nless otherwise provided by . . . statute or rule (such as Fed. R. Civ. P. 50, 52, and 59)").

> (1) all liabilities of any nature of Associate [Singh], Sub-Associates, or their employees, agents, customers or others whether accrued, absolute, contingent, or otherwise existing as of the date of this Agreement;
>
> (2) all liabilities and costs arising out of the conduct of Associate's business activity, including but not limited to any action, inaction, misrepresentation, omission, conduct, misconduct, unsecured debit, failure to supervise, violation of the terms of this Agreement, RJF policy, or any law, federal or state, any rule, regulation or interpretation of the Regulatory Authorities, or otherwise, by Associate, Sub-Associates, or their employees, agents, clients or others.

Agreement ¶ 20(A)(1)-(2) (App'x of Appellant at 25a).

Raymond James filed a Statement of Claim with FINRA in April 2010, asserting claims of breach of contract, indemnification, and reimbursement, and seeking damages, plus attorney's fees and costs. At an evidentiary hearing held December 4, 2012, it sought $701,193.11 in compensatory damages. The FINRA arbitration award granted Raymond James $250,000 in compensatory damages and $100,000 in attorney's fees.

"[A]n arbitral award may be vacated if manifest disregard of the law is plainly evident from the arbitration record." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "Manifest disregard can be established only where a governing legal principle is well defined, explicit, and clearly applicable to the case, and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature." GMS Grp., LLC v. Benderson, 326 F.3d 75, 78 (2d Cir. 2003) (citation omitted). "[T]he award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir. 2004) (internal quotation marks and citation omitted). "With respect to contract interpretation, this standard essentially bars review of whether an arbitrator

misconstrued a contract." T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010).

Singh avers that, at the arbitral hearing, Raymond James sought relief solely on the basis of paragraph 20(A)(1) of the Agreement, which refers to liabilities "existing as of the date of this Agreement," Agreement ¶ 20(A)(1), and he argues that the arbitration panel "manifestly disregarded the law of contracts," Br. of Appellant at 1, because, in his view, none of the liabilities for which Raymond James sought indemnification had accrued on or before that date. Raymond James argues that Singh's characterization of its theory is "misleading [and] disingenuous," and that Raymond James proceeded under paragraph 20 in its entirety.[3] Br. of Appellee at 5. A review of the pages of the hearing transcript cited by Raymond James supports Raymond James's position. See App'x of Appellee at SPA1-5, SPA7-9.

Even if Singh's characterization of Raymond James's theory were correct, we note that Singh's argument is in effect that the arbitration panel misconstrued the terms of the Agreement. "[W]e are required to confirm arbitration awards despite 'serious reservations about the soundness of the arbitrator's reading of th[e] contract.'" Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 548 F.3d 85, 92 (2d Cir. 2008) (quoting Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 216 n.10 (2d Cir. 2002)), rev'd on other grounds, 559 U.S. 662 (2010); see also Bernhardt v. Polygraphic Co. of Am., 350 U.S. 198, 203 n.4 (1956) ("Whether the arbitrators misconstrued a contract is not open to judicial review."); T.Co Metals, 592 F.3d at 339. Accordingly, this argument provides no basis for reversal of the district court's judgment.

Singh also contends that the amount of the compensatory damages award evidences manifest disregard of the law. The panel provided no rationale for the fact or amount of the award. However, "arbitrators need not explain their rationale for an award." Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 121 (2d Cir. 1991).

---

[3] Paragraph 20(A)(2), for example, does not refer to any particular date or dates.

4

Singh surmises that the arbitrators must have awarded damages on two particular claims (out of the four or five that were at issue), and appears to argue that the evidence presented at the hearing was insufficient to support liability on these two claims.[4] See Br. of Appellant at 9-11. "We do not . . . 'recognize manifest disregard of the *evidence* as proper ground for vacating an arbitrator's award.'" Stolt-Nielsen, 548 F.3d at 91 (quoting Wallace, 378 F.3d at 193). Moreover, "[i]t is settled law in this circuit that arbitrators may render a lump sum award without disclosing their rationale for it, and that when they do, courts will not inquire into the basis of the award unless they believe that the arbitrators rendered it in 'manifest disregard' of the law or unless the facts of the case fail to support it." Koch Oil, S.A. v. Transocean Gulf Oil Co., 751 F.2d 551, 554 (2d Cir. 1985).

Evidence was presented that a contract required Singh to indemnify Raymond James for certain liabilities, and evidence was presented of the fact and amounts of those alleged liabilities. The compensatory damages award was substantially below the damages sought by Raymond James. The arbitration panel thus apparently credited some but not all of Raymond James's evidence, and Singh has failed to demonstrate that the arbitrators did so in manifest disregard of the law. We decline the invitation to "inquire into" Singh's speculation that damages were based on two particular claims.

For the foregoing reasons, and finding no merit in Singh's other arguments, we hereby **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[4] It appears that Singh may also argue that the evidence that was presented on these claims was improperly admitted. But "arbitrators are not bound by the rules of evidence." LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc., 725 F.3d 184, 194 (2d Cir. 2013); see also Bernhardt, 350 U.S. at 203 n.4.

5