OPINION OF THE COURT
Marcy L. Kahn, J.
Chase Bank USA, N.A., sued herein as Bank One (Chase or petitioner), has commenced this proceeding pursuant to sections 7510 and 7514 of the Civil Practice Law and Rules to confirm an arbitration award in its favor against respondent Andrea Hale of $5,600 in attorneys’ fees and, upon confirmation, to enter judgment accordingly. The arbitration award was originally rendered by a single arbitrator appointed by the National Arbitration Forum (NAF) in an order dated March 31, 2006, which order was then amended[1] by the same arbitrator on May 5, 2006 and was affirmed on November 19, 2007 by a three-member appellate panel of NAF-appointed arbitrators after a document hearing. Respondent opposes the petition and cross-moves to vacate or modify the arbitration award. For the reasons stated below, the cross motion is denied and the petition to confirm the arbitration award is granted.
I. Factual and Procedural Background
In September 1998, Hale opened a Visa credit card account with Chase. Pursuant to the cardmember agreement, Chase issued three “convenience checks” to Hale along with her January 26, 2004 statement.
The convenience checks were mailed to Hale as part of a promotional offer inviting her to use the checks for purchases or balance transfers, at a reduced annual percentage rate (APR) of 4.99% provided that the checks were used between January 27, 2004 and May 25, 2004.
Hale asserted that the lower APR associated with the convenience checks should have been applied to her monthly account statements for February through May of 2004, and that Chase’s *977 failure to do so violated the Truth in Lending Act (15 USC § 1601 et seq. [TILA]) and the periodic statement section of Regulation Z of the Board of Governors of the Federal Reserve System (12 CFR 226.7). By letter dated February 24, 2005, Hale brought a claim before the NAF for redress of the violation, seeking $2,000 in statutory damages[2] and any attorneys’ fees to which Hale might be entitled under TILA.
On March 3, 2006, Chase opposed the claim in a prehearing memorandum, contending that Hale’s claim was frivolous, and requesting attorneys’ fees and costs. (Supplemental reply mem of law in further support of petitioner’s notice of petition to confirm arbitration award and in opposition to respondent’s request to vacate or modify arbitration award, exhibit E) On March 14, 2006, a hearing on Hale’s claim was held before arbitrator David E. Robbins, Esq. (the original arbitrator). On March 31, 2006, Robbins issued an order denying Hale’s TILA based claim, including her request for attorneys’ fees pursuant to TILA, on the ground that the claim was “completely without merit in law,” and awarded Chase $5,600 in attorneys’ fees (petition, exhibit B), citing Schnall v Marine Midland Bank (225 F3d 263, 269 [2d Cir 2000]), in which the Second Circuit held that a bank is not required to disclose the reduced rate of a special offer in monthly statements.[3] On May 5, 2006, the original arbitrator issued the amended order.[4]
Upon Hale’s appeal of the amended order, on October 29, 2007, a panel of three NAF arbitrators conducted a document hearing and, in an order dated November 19, 2007, affirmed the award of $5,600 in attorneys’ fees.
Chase now seeks confirmation of the award, including attorneys’ fees. Hale opposes the petition and has cross-moved for vacatur or modification of the arbitration award pursuant to CELR 7511 (b) (1) (iii) or (c), respectively.
*978 The sole issue before this court is whether or not the award of attorneys’ fees must be confirmed.
II. Discussion
A. Does Federal Law, Delaware Law or New York Law Govern
This Proceeding?
A review of the arbitration agreement reveals that it makes no mention of New York law. Rather, the only governing law mentioned in the agreement other than the Federal Arbitration Act (FAA) and federal law is Delaware law. Therefore, with respect to enforcement of the arbitration award in this proceeding, this court should first look to the FAA and, should the FAA not address a pertinent enforceability issue, then to Delaware law.
B. Did the Arbitrators Exceed their Authority by Awarding Attorneys’ Fees to Chase?
Hale contends that the arbitration award should be vacated because the arbitrators exceeded their authority in awarding attorneys’ fees to Chase. Specifically, Hale avers that TILA provides strictly for the award of attorneys’ fees against a creditor, such as Chase, and in favor of a consumer, such as Hale, rather than the reverse. Chase contends that this proceeding is governed by the FAA, not TILA, and that the FAA authorizes arbitrators to award attorneys’ fees.
Section 10 (a) (4) of the FAA provides that, upon motion, an arbitration award shall be vacated “where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.” (9 USC § 10 [a] [4].)
In language virtually identical to the FAA, Delaware law provides for the vacatur of an arbitration award, upon motion, where “[t]he arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made” (Del Code Ann, tit 10, § 5714 [a] [3]).
Whether Hale is correct in maintaining that the arbitrators exceeded their power by awarding attorneys’ fees to Chase depends upon the answers to two questions. The first question is whether the original arbitrator had the power to award attorneys’ fees. If so, then the second question is whether he exercised his power appropriately.
Generally, pursuant to the “American Rule,” parties are to bear their own costs in litigation as well as in arbitration. (Aly *979 eska Pipeline Service Co. v Wilderness Society, 421 US 240, 247 [1975]; Todd Shipyards Corp. v Cunard Line, Ltd., 943 F2d 1056, 1064 [9th Cir 1991].) A recognized exception to the general “American Rule” may be found where the court finds that one of the parties has engaged in “bad faith” conduct, in which case attorneys’ fees may be awarded to the nonoffending party. (Todd Shipyards Corp., supra, citing Alyeska Pipeline Service, supra; InterChem Asia 2000 Pte. Ltd. v Oceana Petrochemicals AG, 373 F Supp 2d 340, 355 [SD NY 2005].) A court may appropriately award attorneys’ fees where “the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.” (Todd Shipyards Corp., 943 F2d at 1064, quoting Dollar Sys., Inc. v Avcar Leasing Sys., Inc., 890 F2d 165, 175 [9th Cir 1989].) The rationale for this exception is that if a party brings an unsupportable claim in bad faith, causing the opposing party to incur legal fees in opposing a claim that should never have been raised in the first instance, the opposing party should be compensated for those fees by the offending party. (See Synergy Gas Co. v Sasso, 853 F2d 59, 65 [2d Cir 1988], cited in Allied Intl. Union v Tristar Patrol Servs., Inc., 2007 WL 2845227, *3, 2007 US Dist LEXIS 72748, *14 [SD NY, Sept. 26, 2007].)
Under federal law, arbitrators have broad authority to decide disputes and to fashion remedies, especially where a commercial contract is governed by applicable rules of an arbitration forum authorizing the arbitrators to do so. (See Todd Shipyards Corp., 943 F2d at 1064.) Thus, where arbitrators find a claim to have been brought in bad faith, they may, in the exercise of their broad powers to fashion remedies, award attorneys’ fees. (Id.)
Here, the arbitration agreement provides that “ [arbitration is conducted under the rules of the selected arbitration administrator . . . .” (Petition, exhibit A at 4.) In this case, the parties selected NAF. Thus, the arbitration agreement incorporates the NAF rules by reference.
Rule 37 (C) of the NAF Code of Procedure authorizes an arbitrator to award attorneys’ fees as follows:
“An Award may include fees and costs awarded by an Arbitrator in favor of any Party only as permitted by law. A Party with a Claim for attorney fees or costs may seek to recover those expenses by bringing a timely Request in accord with Rules 18 and 12B. An opposing Party may object in accord with Rule 18. The Arbitrator may include attorney fees *980 and costs in the final Award or in a separate Award.” (National Arbitration Forum Code of Procedure [NAF Code] Rule 37 [C] [Aug. 1, 2007].)[5]
Rule 46 of the NAF Code, which authorizes an arbitrator to impose sanctions by requiring an offending party to pay the fees of another party, provides:
“An Arbitrator may Sanction a Party or Representative, or both, for violating any Rule, notice, ruling, Order or for asserting an unsupportable Claim or Response. A Party may be Sanctioned on the initiative of the Arbitrator or at the Request of the Forum or a Party. An Arbitrator shall Sanction a Party who refuses to pay fees as required by agreement, these Rules, an Arbitrator Order, or the applicable law, unless the offending Party establishes reasonable neglect. A Sanction Order may require an offending Party to pay for fees and costs incurred by another Party, unpaid fees, and other appropriate monetary Sanctions, and may require payment to another Party or the Forum.”
Thus, pursuant to the applicable NAF rules as incorporated into the arbitration agreement, the arbitrators were empowered to award both attorneys’ fees and sanctions as permitted by law, which requires that the arbitrators find bad faith conduct by one of the parties in order to exercise their power. Having found that it was within the power of the arbitrators to award attorneys’ fees, this court must now determine whether those powers were exercised appropriately.
Here, the original arbitrator reviewed the facts as presented by Hale and found that Hale’s claim was “completely without merit” in light of Schnall v Marine Midland Bank (supra), in which Hale’s counsel in this arbitration had advanced the same legal argument unsuccessfully. Under the Alyeska standard, this finding justifies awarding of attorneys’ fees as an exception to the “American Rule.” (Alyeska Pipeline Service Co., 421 US at 258-259; see Todd Shipyards Corp., 943 F2d at 1064.) Accordingly, the arbitrators did not exceed their authority in awarding the attorneys’ fees to Chase.
*981 C. Did the Arbitrators Act in “Manifest Disregard of the Law” in Awarding Attorneys’ Fees to Chase?
Hale next argues that the award should be vacated pursuant to the FAA because, in making the award, the arbitrators acted in manifest disregard of the law. Hale bases her contention on the original arbitrator’s reliance in the May 5, 2006 amended order on Schnall v Marine Midland Bank (225 F3d at 269). Hale maintains that that decision is not binding on fora other than the courts of the Second Circuit, such as arbitration panels. In addition, Hale argues that Schnall constituted an aberrational departure from TILA jurisprudence. She further maintains that 22 NYCRR 130-1.1,[6] a New York court rule empowering courts to award attorneys’ fees as sanctions in civil actions and cited by the original arbitrator in the May 5, 2006 amended order, does not apply to private arbitration proceedings. Hale asserts that, in basing the award on an aberrational decision and an inapplicable rule, the arbitrator exhibited manifest disregard of the law without any colorable justification.
Chase disputes the assertion that the May 5, 2006 amended order wrongly relied upon Schnall, stating that this argument ignores the fact that the arbitration agreement provides that an arbitrator “will apply applicable substantive law consistent with the FAA” (petition, exhibit A at 4), and that, in Schnall, the Second Circuit ruled on the same issues, based on similar facts to those presented here.
Where a party has agreed to arbitration, it retains the right to judicial review of the arbitrator’s decision,
“but the court will set that decision aside only in very unusual circumstances. See, e.g., 9 U. S. C. § 10 (award procured by corruption, fraud, or undue means; arbitrator exceeded his powers); Wilko v. Swan, 346 U. S. 427, 436-437 (1953) (parties bound *982 by arbitrator’s decision not in ‘manifest disregard’ of the law), overruled on other grounds, Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U. S. 477 (1989).” (First Options of Chicago, Inc. v Kaplan, 514 US 938, 942 [1995]).
In Wilko, the Supreme Court, in shielding from judicial review arbitral errors in interpretation which did not amount to “manifest disregard” of law (346 US at 437), cited its own longstanding precedent (see e.g. United States v Farragut, 22 Wall [89 US] 406, 420 [1874]; Burchell v Marsh, 17 How [58 US] 344, 349-350 [1854]). Some courts, including the United States Court of Appeals for the Second Circuit, have interpreted Wilko as recognizing an independent common-law ground for vacation of an arbitral award beyond those listed in FAA § 10. (See e.g. Hoeft v MVL Group, Inc., 343 F3d 57, 64 [2d Cir 2003].)
The Supreme Court has now announced, however, that section 10 of the FAA provides the exclusive route for expedited judicial vacatur of an arbitral award under the federal statutory scheme. In Hall Street Associates, L. L. C. v Mattel, Inc. (552 US —, 128 S Ct 1396 [Mar. 25, 2008]), the Court examined the “manifest disregard” standard of the Wilko Court for the first time, and found the concept ambiguous:
“Maybe the term ‘manifest disregard’ was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them. Or, as some courts have thought, ‘manifest disregard’ may have been shorthand for § 10(a)(3) or § 10(a)(4), the subsections authorizing vacatur when the arbitrators were ‘guilty of misconduct’ or ‘exceeded their powers.’ ” (552 US at —, 128 S Ct at 1404 [citations omitted].)
Although the Court in Hall Street did not settle on its own definition of the term, it rejected the notion that “manifest disregard” embodies a separate, nonstatutory ground for judicial review under the FAA. (See 552 US at —, —, 128 S Ct at 1404-1405, 1406.) Nonetheless, by favorably citing the above-quoted language from its earlier decision in Kaplan (supra), the Hall Street Court appears to have done nothing to jettison the “manifest disregard” standard of Wilko. (552 US at —, 128 S Ct at 1404.) Accordingly, this court will view “manifest disregard of law” as judicial interpretation of the section 10 requirement, rather than as a separate standard of review. It seems appropriate, however, since the standard has apparently not been overruled by the Court, to resort to existing case law to determine its contours.
*983 An arbitrator is deemed to have manifestly disregarded the law where the record shows that “the arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.” (Westerbeke Corp. v Daihatsu Motor Co., Ltd., 304 F3d 200, 217 [2d Cir 2002]; see Travelers Ins. Co. v Nationwide Mut. Ins. Co., 886 A2d 46, 48 n 9 [Del Ch 2005] [arbitrator must have been cognizant of the controlling law but clearly have chosen to ignore it in reaching a decision].) In addition, it must be found that “the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.” (Wallace v Buttar, 378 F3d 182, 189 [2d Cir 2004]; Banco de Seguros del Estado v Mutual Mar. Off., Inc., 344 F3d 255, 263 [2d Cir 2003].)
Mere erroneous interpretation or application of the law on the part of the arbitrators will not suffice to establish “manifest disregard.” (Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 389 [2d Cir 2003]; see Travelers Ins. Co. v Nationwide Mut. Ins. Co., 886 A2d at 49 [error must be “so obvious that it would instantly be perceived as such by the average person qualified to serve as an arbitrator”].)[7] Thus, the doctrine of manifest disregard “gives extreme deference to arbitrators.” (DiRussa v Dean Witter Reynolds Inc., 121 F3d 818, 821 [2d Cir 1997]; see also Beebe Med. Ctr., Inc. v InSight Health Servs. Corp., 751 A2d 426, 441 [Del Ch 1999] [court applies manifest disregard standard notwithstanding “deferential scrutiny” applied to arbitration awards].) Moreover, an arbitral award “ ‘should be enforced, despite a court’s disagreement with it on the merits, if there is a barely colorable justification *984 for the outcome reached’ ” (Wallace v Buttar, 378 F3d at 190, quoting Banco de Seguros del Estado, 344 F3d at 260), even if the reasoning is based on factual or legal error. (Wallace v Buttar, 378 F3d at 193; Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d at 389; Westerbeke Corp. v Daihatsu Motor Co., Ltd., 304 F3d at 218; InterChem Asia 2000 Pte. Ltd. v Oceana Petrochemicals AG, 373 F Supp 2d 340, 355 [SD NY 2005]).
To the extent that this court has correctly understood the Hall Street decision and “manifest disregard of the law” remains an applicable interpretive standard in this proceeding, the original arbitrator did not violate that standard. Here, far from flouting the law, the original arbitrator took into account the Second Circuit decision in Schnall, which decision was adverse to Hale’s position on the same issue, and apparently concluded that Hale commenced an arbitration proceeding in an attempt to have yet another forum revisit the issues previously presented unsuccessfully to the Second Circuit by Hale’s counsel. The appellate panel in its November 19, 2007 order affirmed the May 5, 2006 amended order and ordered that the case be dismissed with prejudice, and that Hale pay Chase’s attorneys’ fees of $5,600.[8]
The original arbitrator apparently reasoned that, under these circumstances, where Hale submitted to arbitration a claim she knew to be frivolous, it was appropriate to award attorneys’ fees to Chase as a sanction against her. The citation to 22 NYCRR 130-1.1 in the amended order was not intended as a citation to a provision authorizing the arbitrator to award attorneys’ fees, but, rather, explains the arbitrator’s rationale for doing so: in submitting a frivolous claim, Hale acted in bad faith, thereby entitling Chase to the award pursuant to the “bad faith” exception to the “American Rule.”
Moreover, even if the arbitrator had applied section 130-1.1 erroneously, such error would not constitute manifest disregard of the law as that term has been recognized historically. Manifest disregard of the law involves more than an erroneous *985 application or interpretation of the law, and will be found only where no colorable basis exists for the arbitrator’s award. (Wallace v Buttar, 378 F3d at 193; Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d at 389; Westerbeke Corp. v Daihatsu Motor Co., Ltd., 304 F3d at 218; InterChem Asia 2000 Pte. Ltd. v Oceana Petrochemicals AG, 373 F Supp 2d at 355; see Travelers Ins. Co. v Nationwide Mut. Ins. Co., 886 A2d at 48-49.) It will be found only where the arbitrators “knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.” (Westerbeke Corp. v Daihatsu Motor Co., Ltd., 304 F3d at 217.) There is no evidence of any of these circumstances here.
In any event, the original arbitrator’s finding of bad faith in submitting a frivolous claim more than satisfies the threshold “barely colorable” interpretive standard of review for manifest disregard of law to be applied by this court under FAA § 10 (a) (4), as well as the parallel interpretive standard under Delaware Code Annotated, title 10, § 5714 (a) (3). Therefore, the court finds that neither the original arbitrator nor the appellate panel of arbitrators manifestly disregarded the law in awarding attorneys’ fees to Chase.
E. Were the Arbitrators’ Awards Irrational or Violative of Strong Public Policy under TILA?
Hale further contends that the award must be vacated as irrational, as the arbitrators offered no rationale for the award, and urges that the award violates TILA’s strong public policy favoring the consumer. She argues that the award has a chilling effect on her ability to seek redress as a private attorney general acting to enforce TILA, citing Sosa v Fite (498 F2d 114, 121 [5th Cir 1974]).
Chase responds that it was reasonable for the arbitrators to recognize that the Second Circuit had already held that a bank is not required to disclose the reduced rate of a special offer in monthly statements (Schnall v Marine Midland Bank, 225 F3d at 269) and that Hale, through her counsel, was well aware of that holding, yet still pursued an arbitration claim based on the same issue. Such conduct, Chase avers, may reasonably be characterized as frivolous, justifying an award of attorneys’ fees *986 as a sanction. Chase notes that the arbitration panel undoubtedly was influenced by the fact that Hale’s counsel in the instant proceeding was the plaintiff in the Schnall case. Chase further argues that Hale’s reliance on the concerns of the civil liability provision of TILA in opposing the arbitration award is misplaced, as the arbitrators based their award of attorneys’ fees not upon TILA, but upon their power under the NAF rules to sanction Hale for her frivolous conduct.
Historically, it has been held that courts may vacate an arbitration award where the award is either irrational (I/S Stavborg [O. H. Meting, Mgr. v National Metal Converters, Inc., 500 F2d 424, 431 [2d Cir 1974]; Falcon Steel Co., Inc. v HCB Contrs., Inc., 1991 WL 50139, *2, 1991 Del Ch LEXIS 69, *4-6 [1991]) or violative of some strong public policy (Paperworkers v Misco, Inc., 484 US 29, 43 [1987]; Beebe Med. Ctr., Inc. v InSight Health Servs. Corp., 751 A2d 426, 433 [Del 1999] [arbitration award vacated as violative of Delaware public policy disfavoring “evident partiality” of arbitrator]). Assuming that these lines of cases may be viewed merely as judicial interpretations of section 10 (a) (4) of the FAA or of Delaware Code Annotated, title 10, § 5714 (a) (3), and not as establishing any additional common-law grounds for vacation of arbitral awards, they would retain vitality for analysis post-Hall Street.
The original arbitrator reviewed Hale’s TILA-based claim, namely, that Chase had violated TILA by failing to apply the lower interest rates associated with its special offer of convenience checks on Hale’s monthly statements, and rejected it as completely without merit, noting that the Second Circuit had addressed and rejected the identical claim in Schnall. The original arbitrator then determined that, in light of Hale’s frivolous claim, an award of attorneys’ fees was appropriate. The arbitration panel affirmed this award based on its review of the factual record. There is nothing irrational in the findings and conclusions of any of the arbitrators, each of whom proffered grounds for making and affirming the award, despite being under no obligation to do so under the arbitration agreement. (See petition, exhibit A at 4 [“The arbitrator will make any award in writing but need not provide a statement of reasons unless requested by a party”].)
Even had the arbitrators not stated their reasoning, however, where the grounds for the arbitrators’ decision can be inferred from the facts of the case, the award must be confirmed. (See Siegel v Titan Indus. Corp., 779 F2d 891, 892-893 [2d Cir 1985]; *987 Prudential-Bache Sec., Inc. v Caporale, 664 F Supp 72, 75 [SD NY 1987]; Falcon Steel Co., Inc. v HCB Contrs., Inc., 1991 WL 50139, *2, 1991 Del Ch LEXIS 69, *4-6.) Although the arbitration panel did not refer either to the Schnall decision or 22 NYCRR 130-1.1 in its November 19, 2007 order, it may be inferred from the order that the arbitration panel’s reasoning in affirming the award was congruent with that of the original arbitrator, namely, that the award was intended as a sanction against Hale for submitting a frivolous claim.
With respect to the argument that the award violates TILA’s strong public policy favoring consumers, in that it would deter the enforcement of TILA by aggrieved consumers seeking redress as private attorneys general, the arbitrators found that Hale’s claim was completely without merit. Sosa v Fite (498 F2d at 121), cited by Hale, makes clear that the statute’s public policy of enforcement of TILA-based rights by private attorneys general applies only to those whose claims are meritorious. (Id.) As Hale’s claim was not meritorious, she does not qualify as a “private attorney general” as contemplated by TILA and the arbitrators did not violate public policy concerns by making the award of attorneys’ fees.
Therefore, this court finds that the arbitration award was neither irrationally based nor violative of strong public policy. Accordingly, there is no legal basis for vacatur of the arbitration award under FAA § 10 (a) (4) or Delaware Code Annotated, title 10, § 5714 (a) (3) on these grounds.
III. Conclusion
For the reasons stated above, respondent’s cross motion to vacate or modify the arbitration award is denied and the petition to confirm the arbitration award is granted. Petitioner’s application for administrative fees is denied.
[Portions of opinion omitted for purposes of publication].

. The March 31, 2006 order was amended to add a direction to Chase to produce to Hale a breakdown of its attorneys’ fees or costs within 15 days of the date of the order. In all other respects, including the award itself, the amended order is identical to the March 31, 2006 order.

. TILA provides for the recovery of damages of up to $1,000 per violation. (15 USC § 1640.) In the arbitration proceeding, Hale alleged two violations of TILA.

. Undoubtedly, although not expressly stated in the order, the fact that Hale’s counsel and husband was the plaintiff in Schnall was not lost on the original arbitrator.

. The amended order reiterated the March 31, 2006 order and directed Chase to provide to Hale within 15 days thereof the detailed itemization of Chase’s attorneys’ fees provided to the original arbitrator on March 15, 2006. (Petition, exhibit C.) On May 15, 2006, Chase complied with the directive. The NAF confirmed Chase’s compliance and directed that the $5,600 attorneys’ fee award was the original arbitrator’s final decision. (Petition, exhibit D.)

. Rule 18 sets forth the procedures by which a request is made for an arbitrator’s order and how an opposing party may object to a request. Rule 12 (B) sets forth the procedures by which a claimant may seek costs or attorneys’ fees.

. Section 130-1.1 (a) provides, in pertinent part: “The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part.” Section 130-1.1 (c) (1) provides that: “conduct is frivolous if . . . it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.” While the May 5, 2006 amended order cites section 130.1-1 and quotes the definition of “frivolous conduct” as set forth in section 130-1.1 (c) (1) as a basis for making the award, the November 19, 2007 order does not.

. Because Delaware’s arbitration statute was modeled on the FAA, its courts find federal decisional law “most helpful” in interpreting the provisions for vacatur of arbitral awards of Delaware Code Annotated, title 10, § 5714 (a). (Travelers Ins. Co. v Nationwide Mut. Ins. Co., 886 A2d at 49.) This is “particularly” so with respect to the jurisprudence on “manifest disregard” of the law, the Delaware Court of Chancery stated in Travelers, due to the paucity of such cases under Delaware law. (Id.) The Chancery Court there also characterized the origins of Delaware’s manifest disregard doctrine as based in the Wilko v Swan decision of the Supreme Court. (Id.) Notably, the Travelers court stated that manifest disregard as a ground for vacatur exists under Delaware law “as an outgrowth of the statutory vacatur grounds for cases in which the arbitrator exceeds his powers.” (Id. at 48.) Thus, to the extent that Delaware law, rather than federal law, governs the court’s decision in the instant case, the manifest disregard doctrine would similarly be applied as an interpretive standard of the statutory ground for vacatur where arbitrators exceed their powers, whether by application of Hall Street, or under existing Delaware law.

. Had the arbitrators been made aware of the series of other meritless filings made by respondent, her counsel and other members of their family, that would have been all the more reason for the arbitrator to award attorneys’ fees as sanctions in the subject arbitration proceeding. (See supplemental reply mem of law in further support of petitioner’s notice of petition to confirm arbitration award and in opposition to respondent’s request to vacate or modify arbitration award, exhibits A-X.)